UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUSAN MAXWELL,

    Plaintiff,

vs.

CASE NO.:  3:18-cv-00339-BJD-PDB

FLORIDA PSYCHOLOGICAL ASSOCIATES,
LLC, a Florida limited liability company, and
CATHERINE DREW, an individual,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to the Court's December 13, 2018 Order directing the parties to submit dismissal papers (Doc. 20), Plaintiff Susan Maxwell ("Plaintiff") and Defendants, Florida Psychological Associates, LLC ("FPA") and Catherine Drew ("Drew") (jointly, the "Defendants" and collectively, with the Plaintiff, the "Parties") file this Joint Motion to approve the Parties' settlement and Stipulation of Dismissal of the above case with prejudice. As grounds, the Parties state:

**I. INTRODUCTION**

On March 9, 2018, Plaintiff initiated the above-styled case by filing a three-count Complaint against Defendants alleging: (1) that Defendants failed to pay appropriate overtime to Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and (2) that Defendants violated the FLSA and the Florida Private Sector Whistleblower Act, § 448.102, Fla. Stat. ("FWA") by refusing to certify educational credits

in retaliation for Plaintiff's purported wage-related complaints. *See* Doc. 1. In her Complaint, Plaintiff alleges that she was paid a salary from January 31, 2017 when hired until July 2017. *Id.* at ¶¶ 13-15. Plaintiff further alleges that she worked on average 57 hours per week from January 31, 2017 through October 27, 2017. *See id.* at ¶¶ 17, 20. While Plaintiff's Complaint does not quantify her alleged damages, it nonetheless demands alleged unpaid overtime wages and alleged liquidated damages in an equal amount. *Id.* at pp. 4, 6.

Defendants timely appeared and answered Plaintiff's Complaint. *See* Doc. 14. In doing so, Defendants denied the material allegations of Plaintiff's Complaint and asserted various affirmative and other defenses, including that Plaintiff was at all material times a salaried-exempt employee not entitled to overtime compensation under the FLSA because of her Director position with FPA and performance of executive and/or administrate job duties. *See id*. Defendants further asserted that Plaintiff's demand for liquidated damages was inapplicable because of Defendants' good faith reliance on U.S. Department of Labor – Wage & Hour Division administrative regulations.[1] *Id.*

Notwithstanding their disagreements, the Parties understood and agreed that litigating the issues in this case would be expensive, time consuming, and create much uncertainty for the Parties, which would prevent them from moving forward from this case. Therefore, the Parties entered into extensive settlement discussions and on August 23, 2018, pursuant to the

---

[1]The Parties agree that Plaintiff has no claim for liquidated damages in this action because (a) under 29 U.S.C. § 213(a)(1) and its regulations, Plaintiff was paid a salary while employed by Defendants, and (b) substantial evidence exists that any alleged failure by Defendants to pay Plaintiff for all hours worked in a single workweek was in good faith and neither a willful nor knowing violation of any federal, state, or local law or ordinance given Plaintiff's position as a professional and Defendants' reliance on 29 U.S.C. § 213(a)(1) and its regulations.

Court's procedures, the Parties jointly notified the Court that the Parties had settled the above-styled case. *See* Doc. 15. Since then, the Parties have entered into a Settlement Agreement (the "Agreement") with mutually acceptable language drafted by both Parties' counsel and reviewed and approved by the Parties. Pursuant to the Court's Order, a fully executed copy of that Agreement is attached hereto as Exhibit "A" for the Court's consideration.

The Parties and their respective counsel agree that the Agreement represents a fair and full resolution of all actual or potential differences, claims, or controversies between them, including the FLSA claims brought in this lawsuit. The Parties further believe and agree that the payments to be made to Plaintiff under the Agreement represent fair, reasonable consideration for settlement of Plaintiff's claims against Defendants and the other obligations Plaintiff assumes under the Agreement.[2] Accordingly, the Parties respectfully request the Court approve their negotiated Agreement and stipulated dismissal of this case with prejudice.

## II.  MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION

The FLSA requires employers to pay employees minimum wages and overtime compensation, where applicable, unless an exemption applies. *See* 29 U.S.C. §§ 201, *et seq.* Where an employee files a claim under the FLSA for alleged unpaid wages, there are currently two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their

---

[2] Moreover, Plaintiff's attorney's fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff in settlement of her FLSA claim. Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release his or her FLSA claims if the parties present the district court with a proposed settlement and the court enters an Order approving the settlement. *Id.*

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the U.S. Court of Appeals for the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; [sic] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The circumstances here are such that the Court may allow the Plaintiff to settle and release her FLSA claims against Defendants. The proposed settlement arises in an adversarial context, with litigation pending and the Parties represented by competent counsel throughout the litigation. Additionally, the FLSA claims asserted against Defendants involve disputes concerning entitlement to alleged unpaid wages (including whether Plaintiff was a salaried-exempt employee under the FLSA) and computation of alleged unpaid wages. The Parties agree that the amounts of the settlement, along with the various covenants contained within

the Agreement, are fair in light of the Parties' contentions, and the Parties have voluntarily agreed to the terms of the Agreement. Consequently, the Parties assert that the settlement represents a reasonable compromise of the disputed issues between them and should be approved by the Court.

WHEREFORE, the Parties hereby stipulate pursuant to Fed. R. Civ. P. 41(a) to entry of an Order dismissing this case in its entirety with prejudice, and the Parties respectfully request that this Court enter an Order approving the Parties' Settlement Agreement and dismissing the case in its entirety with prejudice.

Respectfully submitted this 16th day of January 2019.

By: */s/ James C. Poindexter*
T.A. Delegal, III, Esq.
Florida Bar No. 0892701
E-mail: tad@delegal.net

James C. Poindexter, Esq.
Florida Bar No. 006039
E-mail: james@delegal.net

DELEGAL LAW OFFICES, P.A.
424 East Monroe Street
Jacksonville, FL  32202
(904) 633-5000 – Telephone
(904) 358-2850 – Facsimile

Attorneys for Plaintiff

By: */s/ Michael J. Lufkin*
Robert G. Riegel, Jr., Esq.
Florida Bar No. 325759
E-mail: robert.riegel@bipc.com

Michael J. Lufkin, Esq.
Florida Bar No. 0030492
E-mail: michael.lufkin@bipc.com

BUCHANAN INGERSOLL & ROONEY, P.C.
50 North Laura Street, Suite 2800
Jacksonville, FL  32202
(904) 598-3100 – Telephone
(904) 598-3131 – Facsimile

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>T.A. Delegal, III, Esq.
>James C. Poindexter, Esq.
>DELEGAL LAW OFFICES, P.A.
>424 East Monroe Street
>Jacksonville, FL  32202
>E-mail:   tad@delegal.net
>          james@delegal.net
>
>Attorneys for Plaintiff
>
>      */s/ Michael J. Lufkin*
>     Attorney